NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

STATE OF ARIZONA, *Appellee*,

*v.*

PAUL EUGENE LASS, JR., *Appellant*.

No. 1 CA-CR 13-0523

FILED 5-8-2014

———————————————

Appeal from the Superior Court in Mohave County
No. S8015CR201200653
The Honorable Derek C. Carlisle, Commissioner

**AFFIRMED**

———————————————

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

¶1      Paul Eugene Lass appeals from his conviction and sentence for one count of disorderly conduct with a weapon, a dangerous offense. Lass' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal.  Lass was granted leave to file a supplemental brief *in propria persona*, but did not do so.

¶2      Our obligation in this appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2014).[1]    Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY[2]**

¶3      On May 4, 2012 around 11:00 p.m., Lass was woken up by his wife, J.L., who was upset about text messages he had sent to a female co-worker.  When J.L. tried to confront Lass about the text messages, Lass tried to avoid the argument by turning on the television.  In response, J.L. threw Lass' phone into the wall and pulled the television off the

---

[1]      Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2]      We view the evidence in the light most favorable to sustaining the convictions and resulting sentences. *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

entertainment center. Realizing the confrontation was escalating, Lass left early for work.

¶4        The next day, after Lass returned home from work, he was in the garage preparing to go target shooting when J.L. pulled into the driveway. J.L. attempted to open the garage door several times, but each time Lass closed it, eventually disarming the automatic opener. J.L. tried to enter the house through the front door, but it was locked. She then walked to the back of the house and crawled through the doggie door.

¶5        Once inside, J.L. and Lass argued. When Lass finally told J.L. to leave, J.L. retrieved her dogs and met her friend D.W., who was waiting outside the home. J.L. kept trying to engage Lass as she left the home, but Lass continued to ignore her and make statements that caused her to fear for his safety. In addition, while Lass was speaking to J.L., he was wearing a flak jacket,[3] had a handgun in his holster, and was carrying his rifle in his hand.

¶6        In response to Lass' conduct, J.L. called 9-1-1 and told the operator that she was reporting a "domestic violence" incident. While J.L. was on the phone with the operator, she and Lass continued to talk back and forth; at one point, the operator could hear J.L. telling Lass not to point a gun at her.

¶7        When the police arrived, Lass ran inside, took off his flak jacket, and put his guns down. He told the police he was carrying the weapons and wearing the flak jacket to intimidate J.L. because she would not leave the house. He also said he had barricaded the house to keep J.L. out. Both J.L. and D.W. told the officer at the scene that Lass had pointed a gun at them during the argument.

¶8        The State charged Lass with one count of aggravated assault, involving domestic violence, alleging J.L. was the victim; and one count of aggravated assault, alleging D.W. was the victim; both offenses were charged as class three felonies.

¶9        At the trial both J.L. and D.W. testified that Lass did not point a gun at them. To explain her statement on the 9-1-1 tape, J.L. testified that when Lass bent over to pick something up off the ground, the barrel of his rifle inadvertently pointed in her direction.

---

3        A flak jacket is similar to a bullet-proof vest except that it is designed to stop shrapnel rather than bullets.

¶10          In light of the evidence presented at trial, the court instructed the jury that disorderly conduct with a weapon, a class six felony, was a lesser-included offense of aggravated assault.

¶11          During closing argument, Lass' attorney began to describe the origins of the reasonable doubt standard in a way that implied the jury would be guilty of a mortal sin for wrongly convicting Lass. The court sustained the State's objection to this argument. While the jury deliberated, Lass made a motion for mistrial, arguing that the court improperly precluded him from discussing the reasonable doubt standard during his closing argument. The court denied Lass' motion, stating that Lass had not been barred from explaining the reasonable doubt standard; rather, the court had prohibited Lass from arguing that the jury would be committing a mortal sin if it determined Lass was guilty.

¶12          The jury found Lass not guilty of aggravated assault against D.W., but guilty of the lesser-included offense of disorderly conduct involving a weapon against J.L. The jury also found that Lass committed a dangerous nature offense because he used a deadly weapon during the commission of the offense.

¶13          Lass filed a motion for new trial. Lass argued that as to victim J.L., the court should have instructed the jury on the lesser-included offense of misdemeanor disorderly conduct. Lass also re-urged his claim that the court improperly sustained the State's objection to his discussion of reasonable doubt during his closing argument.

¶14          The court denied Lass' motion. The court stated that because the undisputed evidence at trial showed that Lass used a deadly weapon during the commission of the subject offense, misdemeanor disorderly conduct was not a lesser included offense of either disorderly conduct with a deadly weapon or aggravated assault. The court also restated its reason for sustaining the State's objection to Lass' closing argument.

¶15          The court sentenced Lass to a mitigated sentence of 1.5 years, with credit for 33 days spent in custody, and a consecutive term of two months community service. Lass filed a timely appeal.

**DISCUSSION**

¶16          We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196

Ariz. at 541, ¶ 49, 2 P.3d at 100. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the finding of guilt. Lass was present and represented by counsel at all critical stages of the proceedings. At sentencing, Lass and his counsel were given an opportunity to speak and the court imposed a legal sentence.

¶**17** Counsel's obligations pertaining to Lass' representation in this appeal have ended. Counsel need do nothing more than inform Lass of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Lass shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

**CONCLUSION**

¶**18** Finding no reversible error, we affirm Lass' conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: MJT